UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION ) <br> LABORERS WELFARE FUND, *et al*., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KSG ENTERPRISES, LLC, ) <br> a Missouri limited liability corporation, ) <br> ) <br>     Defendant. ) | Case No.4:06CV01444 ERW |

## **ORDER**

    This matter comes before the Court upon Plaintiffs' Motion for Default Judgment [doc. #5]. A hearing was held on December 21, 2006, and the Court heard arguments from the parties on the Motion.

    On September 29, 2006, Plaintiffs filed this action against Defendant to collect delinquent fringe benefit contributions, pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132. On November 13, 2006, Plaintiffs were ordered to file motions for entry of default and for default judgment because there had been no activity in this case since the filing of the return of proof of service upon Defendant. The Clerk entered default judgment against Defendant on November 29, 2006.

    In the Motion for Default Judgment, Plaintiffs request that the Court enter an order compelling Defendant to submit to a financial compliance examination, in order for Plaintiffs to determine the amounts allegedly owed. Plaintiffs state that Defendant is bound by a collective

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

bargaining agreement with Laborers Local Unions 42-53-110.  This agreement requires Defendant to submit contributions to the Laborers Funds, and authorizes Plaintiffs to examine the financial records of Defendant to ascertain whether the required contributions were made.  Plaintiffs claim that the only way they can determine the amount owed is through such financial compliance examination.  In the hearing on the Motion, Defendant agreed to comply with Plaintiffs' request.

The Court will order Defendant to produce to Plaintiffs' independent accountants Wolfe-Nilges-Nahorski, within thirty (30) days of the date of this Order, all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to Defendant's employees since November 18, 2002.  Specifically, Defendant shall produce:

1. Individual compensation records, payroll registers, and payroll journals;

2. Time cards;

3. Federal and state payroll tax forms:  W-2's, 1099's, and state quarterly payroll tax returns;

4. Employee data, including names, addresses, and phone numbers, and all available documentation to verify job duties, including, but not limited to, job applications, certified payrolls, workman's compensation reports, etc.;

5. Copies of reporting forms to all union trust funds;

6. Job cost records;

7. General ledgers, cash disbursement journals, and supporting documentation (for example, accounts payable invoices and check stubs);

8. Any other financial data the accountants may require.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Defendant KSG Enterprises shall produce to Plaintiffs' independent accountants, Wolfe-Nilges-Nahorski, all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to Defendant's employees since November 18, 2002, within **Thirty (30) days** of the date of this Order.

Dated this 21st day of December, 2006.

_____
  E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com